**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilberto Martin Gonzalez,<br><br>Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Respondents. | No. CV-19-05188-PHX-DWL<br><br>**ORDER** |

On November 1, 2019, Petitioner filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Amended Petition"). (Doc. 8.) On June 3, 2020, Magistrate Judge Burns issued a Report and Recommendation ("R&R") concluding the Amended Petition should be denied and dismissed with prejudice. (Doc. 14.) Afterward, Petitioner filed objections (Doc. 19) and Respondents filed a response (Doc. 20).

For the following reasons, the Court will overrule Petitioner's objections, adopt the R&R, and terminate this action.

I.  Background

*The Underlying Incident.* In September 2013, it was discovered that Petitioner had impregnated the 12-year-old daughter of his girlfriend. (Doc. 14 at 2.) The crime was discovered when the victim's mother took her to a woman's health center to find out why her daughter's menstrual periods had stopped. (*Id.*) The victim then disclosed that Petitioner had sexually assaulted her by touching her anus and having sexual intercourse with her. (*Id.*) During a confrontation call, Petitioner admitted sexually assaulting the

victim on two occasions. (*Id.*)

*The Charges, Plea, And Sentencing.* In September 2013, Petitioner was charged by a state grand jury with one count of child molestation and three counts of sexual conduct with a minor. (*Id.* at 1.)

In April 2014, Petitioner entered into a plea agreement. (*Id.* 1-2.)

In June 2014, Petitioner was sentenced to 25 years' imprisonment, to be followed by lifetime probation. (*Id.* at 2.) At the time of sentencing, "Petitioner was given, and acknowledged receipt of, a Notice of Rights of Review after Conviction and Procedure, in which he was advised of the deadline to file a petition for post-conviction relief." (*Id.*)

*The PCR Proceedings.* Petitioner took no action for nearly five years. Finally, in February 2019, Petitioner filed a notice of post-conviction relief ("PCR") and petition for PCR. (*Id.*) In the petition, Petitioner "checked a pre-printed box indicating he was raising a claim of ineffective assistance of counsel, but did not state any specific facts or law in support of his claim, and requested, as relief, a correction of his sentence." (*Id.*)

The superior court dismissed the PCR notice. (*Id.* at 2-3.) First, the court held that the notice was untimely. (*Id.*) Second, the court held that, by pleading guilty, Petitioner had waived all non-jurisdictional defects unrelated to the involuntariness of his plea, and because his PCR notice did not raise any allegations pertaining to involuntariness, it was therefore "facially non-meritorious." (*Id.*)

Afterward, Petitioner filed a document entitled "Reply to States Response to Post Conviction Relief P.C.R. Dismissed" in which he argued that his plea "was involuntary because his attorney threatened him with physical force before pleading guilty, and that he was not warned that he was facing mandatory deportation if he plead guilty." (*Id.* at 3.) The superior court construed this notice as a motion for reconsideration and denied it. (*Id.*)

*The Amended Petition.* In September 2019, Petitioner initiated this action by filing a § 2254 petition. (Doc. 1.) The Amended Petition, his operative pleading, was filed in November 2019. (Doc. 8.) The Amended Petition asserts the following two grounds for relief: (1) ineffective assistance of counsel; and (2) Petitioner's sentence was

unconstitutionally excessive.  (Doc. 9 at 2.)

*The R&R*.  The R&R concludes the Amended Petition must be denied and dismissed with prejudice because it was filed outside AEDPA's one-year statute of limitations.  (Doc. 14 at 4-7.)  Specifically, the R&R reasons that (1) the one-year statute of limitations began running in September 2014 (*i.e.,* 90 days after following Petitioner's sentencing), so Petitioner's initiation of this action in September 2019 came too late; (2) Petitioner is not entitled to statutory tolling for the time his PCR petition was pending (because it was untimely filed under state law); (3) statutory tolling is, in any event, irrelevant because the PCR notice wasn't filed until 2019, well after AEDPA's one-year limitations period had expired in September 2015; and (4) Petitioner is not entitled to equitable tolling because he "does not state any basis for excusing the untimeliness of his petition" and "has not replied to Respondents' Answer" and "thus has not carried his burden of establishing that he pursued his rights diligently, or that some extraordinary circumstances stood in the way of his timely initiating habeas proceedings."  (*Id.*)

II.  Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it.  Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules").  Those objections must be "specific."  *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

District courts are not required to review any portion of an R&R to which no specific objection has been made.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").  Thus, district judges need not review an objection to an R&R that is general and non-specific.  *See, e.g., Warling v. Ryan*, 2013

WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

III.   Analysis

In his objections to the R&R (Doc. 19), Petitioner does not address the R&R's statute-of-limitations analysis. Instead, he attempts to explain why his decision to plead guilty should be considered involuntary. Although one of Petitioner's involuntariness arguments—that he only speaks a Guatemalan dialect, and thus didn't "understand a lot of the words" being presented to him around the time of his guilty plea and sentencing (*id.* at 2)—might theoretically support a habeas petitioner's attempt to excuse a failure to comply with statutory deadlines, Petitioner does not attempt to develop or advance such an argument here.

Because Petitioner does not challenge the R&R's statute-of-limitations analysis, this Court will adopt it. And because the Amended Petition was filed outside the one-year statute of limitations, there is no need to reach the merits of Petitioner's involuntariness claim.

…
…
…
…
…
…
…
…

---

[1]   *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 19) are **overruled**.

(2) The R&R (Doc. 14) is **accepted**.

(3) The Amended Petition (Doc. 8) is **denied and dismissed with prejudice**.

(4) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

(5) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 21st day of July, 2020.

Dominic W. Lanza
United States District Judge